IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| JOHN GRAVLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08-0847 |
| ) | |
| WAYNE PHILLIPS, Warden, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be denied.

## FACTS AND PROCEDURE

On August 13, 2007, Petitioner pled guilty in the United States District Court for the Southern District of West Virginia to conspiracy to distribute quantities of oxycodone, in violation of 21 U.S.C. § 846. (Criminal Action No. 1:07-0138, Document Nos. 57 - 61.) On March 17, 2008, the District Court sentenced Petitioner to an 87-month term of imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 65 and 68.) Petitioner did not appeal his conviction or sentence.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

On June 17, 2008, Petitioner, acting *pro se* and incarcerated at Northeast Ohio Correctional Center [NOCC],[2] in Youngstown, Ohio, filed his instant Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) In his Application, Petitioner requests that this Court "issue an order requiring the Federal Bureau of Prisons to award him a two-for-one time credit for everyday served in the U.S. Marshall hold at the Northeast Ohio Correctional Center." (Id., p. 1.) Petitioner "complains that the conditions at the NOCC borderline on cruel and unusual punishment and this has caused him to serve a more onerous period of incarceration than that which was contemplated by the sentencing court." (Id.) Specifically, Petitioner states he "suffered unreasonably" based upon the following:

> Because of being forced to live in continued space holding three (3) inmates in single cell that, according to reasonable standards, is occupancy designed for only two (2) inmates, and during this cramped arrangement, extended periods of lock-down occurred, without access to showers or clean laundry, while rendered helpless and only given inadequate meals consisting of lunch meat, unrefrigerated for hours prior to delivery, for all three (3) meals over many days thus resulting in an unsanitary, unhealthy and therefore inappropriate domain.

(Id.) Petitioner states the above conditions have resulted in "serious and unwarranted discomfort." (Id., p. 2.) Therefore, Petitioner requests the following relief: (1) "a two-for-one time credit for everyday served in the U.S. Marshall hold at the Northeast Ohio Correctional Center;" or (2) "credit his federal sentence at a 2:1 ratio through a sentence modification order for the time he serves at the Northeast Ohio Correctional Center." (Id.)

On April 22, 2009, Petitioner filed in the Northern District of West Virginia an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently incarcerated at FCI Morgantown, located in Morgantown, West Virginia.

Gravley v. Scott, Civil Action No. 2:09-0052 (N.D.W.Va. Oct. 29, 2009), Document No. 1. In his Petition, Petitioner alleged as follows:

> I was housed in deplorable conditions in the Southern Regional Jail. While incarcerated there and awaiting sentencing on Federal charges, I was placed in a single-man cell with at times three other inmates. That is unhealthy and against my Constitutional Rights 8th Amendment Cruel and Unusual Punishment.

Id. As relief, Petitioner requested "two for one for every day that he was at . . . the Southern Regional Jail." Id. By "Preliminary Review and Report and Recommendation" entered on April 23, 2009, United States Magistrate Judge David J. Joel recommended that Petitioner's Section 2241 Petition be denied "[b]ecause a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief." Id., Document No. 4. By Order entered on October 29, 2009, United States District Judge Robert E. Maxwell adopted Judge Joel's recommendation and dismissed Petitioner's Section 2241 Petition. Id., Document No. 16.

On May 5, 2009, Petitioner filed in the Northern District of West Virginia a Complaint requesting relief pursuant to 42 U.S.C. § 1983. (Civil Action No. 5:09-cv-00532, Document No. 1.) Petitioner again challenged the conditions of his confinement at the Southern Regional Jail, which is located within the jurisdiction of the Southern District of West Virginia.[3] (Id.) By Order entered on May 12, 2009, Judge Seibert transferred the case to this Court for further proceedings. (Id., Document No. 6.) Petitioner's Complaint is currently pending before this Court.

---

[3] Specifically, Petitioner alleges as follows (Civil Action No. 5:09-0532, Document No. 1, p. 3.):
> I was housed in deplorable conditions in the Southern Regional Jail. While incarcerated there and awaiting sentencing on Federal charges, I was placed in a single-man cell with, at times, two or three of us in an one-man cell. That is unhealthy and was against my constitutional rights, 8th Amendment, Cruel and Unusual Punishment. As relief, I am seeking two for one for every day that I was at the Southern Regional Jail at Beaver, WV.

3

**ANALYSIS**

Challenges to the manner, location, or conditions of the execution of a prisoner's sentence are properly raised under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)(per curiam)("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989)(Claim for credit for time served properly raised under Section 2241.). The Court first notes that Petitioner improperly filed his Section 2241 with this Court because it does not have jurisdiction over Petitioner's custodian.[4] See United States v. Poole, 531 F.3d 263, 270 - 271 (4th Cir. 2008). Moreover, Petitioner is not entitled to relief under Section 2241 because he seeks relief based upon the conditions of his confinement. A Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). Thus the undersigned finds that Petitioner has failed to state a claim for which relief can be granted under Section 2241 and recommends that his Application be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from

---

[4] At the time of the filing, Petitioner was incarcerated at NOCC which is located in Youngstown, Ohio. Petitioner has since been transferred to FCI Morgantown, which is located in Morgantown, West Virginia.

the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: June 10, 2011.

R. Clarke VanDervort
United States Magistrate Judge