IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOHN GRAVLEY,
    Petitioner,

v.                              CIVIL ACTION NO. 1:08-0847

WAYNE PHILLIPS, Warden,
    Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the court is Petitioner John Gravley's (Gravley) Motion for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 (Doc. # 1). For reasons more fully explained herein, Mr. Gravley's motion is **DENIED**.

**I. Factual and Procedural History**

Mr. Gravley is currently serving an 87 month sentence after pleading guilty to conspiracy to distribute oxycodone for remuneration, in violation of 21 U.S.C. § 846. Mr. Gravley pled guilty in August 2007, and he was sentenced in March 2008. As part of his period of imprisonment, Mr. Gravley was incarcerated at the Northeast Ohio Correctional Center ("NOCC") in Youngstown, Ohio. On June 17, 2008, Mr. Gravley filed the instant petition for habeas relief, alleging unreasonable suffering due to overcrowding and unsanitary conditions while incarcerated at NOCC. In particular, Mr. Gravley requested either: (a) a two-for-one time credit for every day served in the U.S. Marshal's hold at the NOCC, or (b) a credit at a 2:1 ratio through a

sentence modification order for the time he served at NOCC.

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation ("PF&R") on June 10, 2011, in which he recommended that the district court grant the United States' motion to dismiss.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation. Mr. Gravley filed objections on July 1, 2011. The court has conducted a <u>de novo</u> review of those portions of the PF&R to which Mr. Gravley objected, and now addresses Mr. Gravley's objections.

## II. Analysis

Mr. Gravley's principal objection is with respect to Magistrate Judge VanDervort's determination that a § 2241 petition is not the appropriate vehicle for bringing his claim. Mr. Gravley disagrees, and cites other cases in his objections for the proposition that his arguments were properly made from a procedural standpoint.

The court begins by noting that a number of inmates, formerly housed at NOCC, have brought claims in various other

jurisdictions for the same kind of relief that Mr. Gravley seeks in the instant petition. As such, the court has the benefit of some well-reasoned, thoroughly-researched, and instructive case law on which to base its examination of the instant matter. <u>See</u>, e.g., <u>Galloway v. Bureau of Prisons</u>, No. 10-5121, 2011 U.S. Dist. LEXIS 69527 (D.N.J. June 28, 2011); <u>Broadie v. Warden, Fort Dix</u>, No. 09-3558, 2009 U.S. Dist. LEXIS 98407 (D.N.J. Oct. 21, 2009); <u>Brooks v. Warden, Fort Dix</u>, No. 09-3323, 2009 U.S. Dist. LEXIS 69458 (D.N.J. Aug. 10, 2009). Construing the petitioner's motion liberally, the court concludes that even if Mr. Gravley properly brought his claim under § 2241, he has still failed to demonstrate an entitlement to relief from this court for a number of reasons.

A. <u>Petitioner's request for 2:1 time credit from the BOP</u>

First, Mr. Gravley submits no evidence to suggest that the BOP has the authority to provide the sort of relief that he seeks. As the <u>Galloway</u> case concludes, "Petitioner requested the BOP to grant him a 'credit,' which the BOP has no authority whatsoever to grant; under any provision applicable to its operations." <u>Galloway v. Bureau of Prisons</u>, No. 10-5121, 2011 U.S. Dist. LEXIS 69527, at *10 (D.N.J. June 28, 2011). Absent some showing on Mr. Gravley's part that the BOP may give him such credit, this court may not order the BOP to do something that it is, by its own laws and regulations, not empowered to do.

Second, even if the BOP does have the power to award Mr. Gravley two-for-one credit for time served at NOCC, he has failed to exhaust his administrative remedies with respect to that request. Although Mr. Gravley asks this court to compel the BOP to give him credit, he cannot show that he has requested the BOP give him such relief, as is required by the exhaustion of administrative remedies doctrine. See Galloway v. Bureau of Prisons, No. 10-5121, 2011 U.S. Dist. LEXIS 69527, at *6 (D.N.J. June 28, 2011); Broadie v. Warden, Fort Dix, No. 09-3558, 2009 U.S. Dist. LEXIS 98407, at *7-8 (D.N.J. Oct. 21, 2009). In fact, Mr. Gravley admits that he has not sought relief from the BOP directly, arguing instead that seeking administrative remedies would be futile. This argument is unavailing Mr. Gravley does not demonstrate why first requesting a time credit from the BOP would be fruitless, or why he would not be able to secure the relief he seeks. Indeed, it seems logical that the best place for him to start would be with the Bureau of Prisons. The BOP is in a better position than the court to determine the type of relief that it might be able to afford the petitioner. It is also what the law requires. See id.

B. Petitioner's request for a 2:1 sentence modification

Once again, assuming that his § 2241 petition was the proper vehicle for seeking relief, Mr. Gravley's request for a sentence modification fails because he has failed to make the necessary

showing that he is entitled to the remedy sought.

18 U.S.C. § 3582 allows a court to modify an already-imposed sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(I). This is, presumably, the statutory section that Mr. Gravley is relying on for his request. Under this section, however, a court can only grant relief where the Director of the BOP has first filed a request with the court seeking such a reduction. As that is not the case here, Mr. Gravley's argument fails.

### III. Conclusion

In view of the foregoing, the court **OVERRULES** petitioner's objections, **CONFIRMS** and **ADOPTS** Magistrate Judge VanDervort's Proposed Findings and Recommendation, and **DIMISSES** Mr. Gravley's petition.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, and the petitioner, pro se. The Clerk is further ordered to remove this case from the court's docket.

It is **SO ORDERED** this 28th day of September, 2011.

                              **ENTER:**

                              *David A. Faber*
                              David A. Faber
                              Senior United States District Judge